IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-03196-RM-NYW

OTTER PRODUCTS LLC and
TREEFROG DEVELOPMENTS INC.,

    Plaintiffs,

v.

OUTLOOK ACQUISITION CORP.,
OUTLOOK FBA CORP.,
AVI SAKKAL,
ELI SAKKAL, and
JOHN DOES 1–10,

    Defendants.

## ORDER ON MOTION TO STAY

Entered by Magistrate Judge Nina Y. Wang

This matter comes before the court on Defendants' Outlook Acquisition Corp., Outlook FBA Corp., Avi Sakkal, Eli Sakkal, and the John Does' (collectively, "Defendants") Motion to Stay Discovery Pending Resolution of its Motion to Dismiss Plaintiffs' Amended Complaint and Memorandum in Support ("the Motion" or "the Motion to Stay") [#45, filed March 6, 2019]. The Motion was referred to the undersigned Magistrate Judge by the Order Referring Case dated December 13, 2018 [#5] and the Memorandum dated March 7, 2019 [#47]. Pursuant to D.C.COLO.LCivR 7.1(d), the undersigned Magistrate Judge ordered an abbreviated response deadline, and Plaintiffs Otter Products LLC and Treefrog Developments Inc., (collectively, "Plaintiffs") filed a timely Response on March 15, 2019. Defendants then sought leave of court to file a Reply, which the undersigned granted, and Defendants filed their Reply on March 22,

2019, and thus the matter is now fully briefed and ready for decision. For the reasons stated in this Order, the Motion to Stay is **DENIED**.

## BACKGROUND

Plaintiffs filed this case on December 13, 2018, bringing seven claims for trademark infringement, false advertising, unfair competition, trademark dilution, unfair and deceptive business practices in violation of the Colorado Consumer Protection Act ("CCPA"), and tortious interference with business relations. [#1]. Defendants moved to dismiss the Complaint on January 24, 2019 ("the First Motion to Dismiss") [#21] before the Scheduling Conference held February 13, 2019 [#28]. The First Motion to Dismiss argued that the court lacked personal jurisdiction over the Defendants [#21 at 6] and that the Complaint failed to state a claim [*id.* at 11]. The First Motion to Dismiss remained pending and unaddressed by Plaintiffs at the Scheduling Conference.

At the Scheduling Conference, the court set substantive deadlines for discovery and motions practice in this matter. [#28; #29]. At the Conference, the court discussed the personal jurisdiction argument and whether Plaintiffs sought jurisdictional discovery following the contemplated filing of an Amended Complaint. [#28 at 2]. The court instructed the Parties that "[i]f parties need jurisdictional discovery after the amended complaint is filed, parties can contact chambers to set an informal Discovery Conference." [*Id.*]. Plaintiffs filed the Amended Complaint the next day. [#27]. Defendants filed a renewed Motion to Dismiss ("the Renewed Motion to Dismiss") on February 28, 2019. [#44]. Defendants filed the instant Motion to Stay shortly thereafter [#45], and full briefing is now complete. [#49; #54]. Plaintiffs have not moved for jurisdictional discovery and neither Party has contacted chambers seeking a Discovery Conference. Instead, Plaintiffs have filed an Opposition to the Motion to Dismiss that is currently pending before the court. [#52].

## LEGAL STANDARD

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings; however, the power to stay "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936) (citing *Kansas City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)). Whether to stay discovery is a matter left to the sound discretion of the trial court. *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990). In determining whether a stay is appropriate, the court weighs interests such as whether defendants are likely to prevail in the civil action, whether defendants will suffer irreparable harm, whether the stay will cause substantial harm to other parties to the proceeding, and the public interests at stake. *United Steelworkers of Am. v. Oregon Steel Mills, Inc.*, 322 F.3d 1222, 1227 (10th Cir. 2003). The factors to be applied by the court in determining the propriety of a stay are: (1) Plaintiffs' interests in proceeding expeditiously with the action and the potential prejudice to Plaintiffs resulting from a delay; (2) the burden on the Defendants; (3) the convenience to the Court; (4) the interests of persons not parties to the litigation; and (5) the public interest. *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-CV-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006).

Courts in this District generally disfavor the stay of all discovery. *See Wason Ranch Corporation v. Hecla Mining Co.*, No. 07–cv–00267–EWN–MEH, 2007 WL 1655362, at *1 (D. Colo. 2007); *see also Church Mut. Ins. Co. v. Coutu*, No. 17-CV-00209-RM-NYW, 2017 WL 3283090, at *2 (D. Colo. Aug. 2, 2017) ("Stays of the normal proceedings of a court matter should be the exception rather than the rule, and stays in this District are generally disfavored." (citations and quotations omitted) (formatting altered)). "This is particularly true in cases requesting

indefinite stays, which could substantially delay the ultimate resolution of the case, with adverse consequences such as a decrease in evidentiary quality and witness availability." *Weatherspoon v. Miller*, No. 11-CV-00312-REB-MEH, 2011 WL 1485935, at *2 (D. Colo. Apr. 19, 2011). District courts in this Circuit have declined requests to stay discovery based solely upon the disposition of dispositive motions. *Basin Acquisition Corp. v. Mazda Motor of Am., Inc.*, No. 11-CV-179 JEC/ACT, 2011 WL 13289673, at *2 (D.N.M. Aug. 1, 2011).

## ANALYSIS

The court now turns to considering each of the *String Cheese* factors.

***Plaintiffs' Interests in Proceeding Expeditiously with the Action and the Potential Prejudice to Plaintiffs Resulting from a Delay.*** Defendants claim that Plaintiffs "have no particular need for urgency in this action" and thus this factor does not weigh in favor of a stay. [#45 at 7]. Plaintiffs vigorously dispute this point, arguing that the alleged misconduct is ongoing as Defendants continue to engage in the at-issue business practices which Plaintiffs allege to constitute an ongoing harm. [#49 at 9-10]. In Reply, Defendants point to Plaintiffs' delay in bringing suit as evidence that Plaintiffs do not have a true interest in moving expeditiously. [#54 at 4-7].

Although Plaintiffs have not moved to enjoin any of Defendants' business practices, the court finds that this factor weighs against a stay because, as Plaintiffs point out, the alleged harm is ongoing. Nothing in the record suggests that Defendants have agreed to cease and desist from selling the accused products or at least abstain from such sales pending the adjudication of the Renewed Motion to Dismiss or this action. In addition, though Plaintiffs filed an Opposition to the Motion to Dismiss, no Reply has been filed. And there is no indication as to how long it may

4

be before the court can fully adjudicate the Renewed Motion to Dismiss. Given the lack of clarity as to how long a stay would be, this factor weighs against a stay.

***The Burden on the Defendants.*** Defendants forward two different theories that proceeding with discovery pending resolution of the Renewed Motion to Dismiss would place an undue burden on them. Defendants first argue that continuing with this case while the Renewed Motion to Dismiss is pending would constitute a "substantial" burden which "weighs heavily in favor of a stay." [#45 at 8]. Plaintiffs counter that the only burden is that of engaging in discovery which is hardly unique to the case at hand and does not justify a stay. [#49 at 11]. Defendants further contend that they should not be required to participate in discovery in a forum that may ultimately lack personal jurisdiction over them. [#45 at 8-9; #54 at 8-9]. Plaintiffs disagree, arguing that discovery will be the same whether it proceeds in this District or another. [#49 at 11].

As to the first issue, Defendants reside in New Jersey and New York and thus would be required to travel 1,500 miles by air to come to Denver, Colorado as needed for this litigation. [*Id.* at 9]. But courts have long noted that modern telecommunication and travel infrastructure mitigate the burden in litigating in a distant, even foreign, forum. *Pro Axess, Inc. v. Orlux Distribution, Inc.*, 428 F.3d 1270, 1280 (10th Cir. 2005) (France); *First Am. Mortg., Inc. v. First Home Builders of Fla.*, No. 10-CV-0824-RBJ-MEH, 2011 WL 4963924, at *3 (D. Colo. Oct. 14, 2011) (Florida); *Media Res., Inc. v. Global Paper 3834875 Canada, Inc.*, No. CIV-05-1038-C, 2006 WL 8436512, at *4 (W.D. Okla. May 12, 2006) (Canada). While defense counsel points to certain discovery requests and argues that they will "likely need to seek this Court's assistance in limiting the scope of the broad discovery sought by Plaintiffs," [#54 at 8-9], it is unclear that there are any additional costs or burdens to Defendants associated with such issues based on their location outside of Colorado. Parties and their counsel typically do not appear at discovery dispute conferences,

which are generally held telephonically. Even if counsel were required to appear, counsel for Defendants are located in this forum.

In addition, this District follows the general principle that "[i]n the absence of exceptional or unusual circumstances, when a deponent resides at a substantial distance from the deposing party's residence, the deposing party should be required to take the deposition at a location in the vicinity in which the deponent resides, even if the deponent is a party." *Delorey v. P&B Transp. Inc.*, No. 07-cv-01916-WYD-KMT, 2008 WL 2751342, at *1 (D. Colo. July 11, 2008) (citing *Metrex Research Corp. v. United States*, 151 F.R.D. 122, 125 (D. Colo. 1993)). Though there may be some additional expense involved in litigating in this forum for Defendants, Defendants have failed to specifically articulate any prejudice precisely attributable to conducting discovery while a dispositive motion is pending. On balance, this court concludes that this factor is neutral at best.

***The Convenience to the Court, the Public, and Non-Parties.*** Defendants argue that these factors weigh in favor of a stay because it will avoid the potential waste of judicial resources if this matter is eventually dismissed. [#45 at 10-11]. Defendants also point out that there are several third parties—the "Authorized Resellers"—from whom the parties will likely seek discovery, and their interests weigh in favor of a stay as well. [*Id.* at 11]. On Reply, Defendants also suggest that this court will be required to expend judicial resources to mediate a brewing discovery dispute. [#54 at 8-9]. In contrast, Plaintiffs argue that the court has already spent significant time and resources on this case and those will now be wasted if the court stays the matter and then must restart the same process to set new deadlines. [#49 at 13-14].

The court finds the circumstances associated with this factor weigh against a stay of discovery. Without passing on the merits of the pending Renewed Motion to Dismiss, the court notes that based on its review of the briefing, the outcome does not appear to be a foregone

conclusion in any side's favor.  There is also no indication in the record to date that amendment is futile or that Plaintiffs cannot pursue Defendants in another jurisdiction such that discovery would be wasted.  Nor is there any compelling argument that potential dispute over the scope of discovery raised by Defendants will somehow resolve itself or be limited based on the outcome of the Renewed Motion to Dismiss.  At best, the court is simply postponing the adjudication of discovery disputes with little to gain from the passage of time.  Therefore, the court finds that its interest in efficient administration of its docket weighs against a stay.

Defendants also point to third-party discovery, but the court is uncertain how that would be any more burdensome now in Colorado, later in Colorado, or later in another forum.  Regardless of the resolution of the Renewed Motion to Dismiss, the third-parties will likely have to respond to discovery at some point and in some forum.  Their interests are neutral.  And the public always has an interest in the speedy resolution of matters on the merits, and the Parties identify no other factors for consideration in evaluating the public's interest.  Thus, the court concludes that the public's interest weighs against a stay.

## CONCLUSION

For the reasons set forth herein, **IT IS ORDERED** that:

(1)     Defendants' Motion to Stay [#45] is **DENIED**.

DATED:  April 2, 2019

BY THE COURT:

_____
Nina Y. Wang
United States Magistrate Judge

7